UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DUSTIN R. MORRISON,

                Plaintiff,

v.                                                Case No. 22-cv-174-pp

SUSAN MILLER, *et al.*,

                Defendants.

---

## ORDER REGARDING SIX-MONTH TRUST ACCOUNT STATEMENT

---

      The plaintiff, Dustin R. Morrison, who is confined at the Brown County Jail and representing himself, filed the complaint in this case on February 11, 2022. Dkt. No. 1. On March 11, 2022, the court ordered that by the end of the day on April 4, 2022, the plaintiff must either pay the full $402 filing fee or file a motion to proceed without prepaying the filing fee and a certified copy of his institutional trust account statement for the six months preceding the filing of this case. Dkt. No. 3. On March 21, 2022, the plaintiff filed a motion for leave to proceed without prepaying the filing fee in which he stated that he was "waiting to get" his six-month statement. Dkt. No. 7 at 4. That same day, the plaintiff filed a letter stating that jail staff would not give him a copy of his trust account statement because he does not have enough money in his account. Dkt. No. 6.

      The plaintiff's April 4, 2022 deadline for filing his six-month trust account statement has passed and the court has not received the trust account statement. Because the plaintiff has filed a petition for leave to proceed without

1

prepaying the filing fee, the law requires him to submit a certified copy of his trust account statement from the institutions in which he was confined for the six months preceding the filing of this case. See 28 U.S.C. §1915(a)(2)(A prisoner "seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."). If the plaintiff was confined at more than one institution during the six months preceding the filing of the complaint (September 2021 through February 2022), he must submit a trust account statement from each institution where he was confined during the six-month time period. If the plaintiff was not incarcerated for the full six months before he filed this case, he must submit a trust account statement covering the time he was confined immediately prior to filing the case.

The court will give the plaintiff another chance to file a complete trust account statement. By the end of the day on **May 9, 2022**, the plaintiff should file a trust account statement covering the six months prior to the date he filed this case. This means that the plaintiff should submit the trust account statement in time for the court to *receive it* by the end of the day on May 9, 2022.

The court **ORDERS** that the plaintiff must submit a certified copy of his trust account statement, or a letter explaining why he cannot submit the trust account statement, in time for the court to receive it by the end of the day on

2

**May 9, 2022**. If the court does not receive the plaintiff's trust account statement, or a letter explaining why he cannot submit it, by the end of the day on May 9, 2022, the court will dismiss this case without prejudice.

The court will send a copy of this order to the Brown County Sheriff.

Dated in Milwaukee, Wisconsin this 8th day of April, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**