UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DUSTIN R. MORRISON,

               Plaintiff,

v.                                                     Case No. 22-cv-174-pp

SUSAN MILLER, JOHN JAROSINKSI,
and FESTIVAL FOODS,

               Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 7) SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE

Dustin R. Morrison, who is confined at Prairie du Chien Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his right to shop in a grocery store. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 7, and screens his complaint, dkt. no. 1.

### I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 7)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On April 25, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $44.23. Dkt. No. 11. The court received that fee on May 6, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of that right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The plaintiff has sued Susan Miller, John Jarosinski and Festival Foods. Dkt. No. 1 at 1. He alleges that on December 27, 2021 between 6:30 and 6:50 a.m., he was grocery shopping at Festival Foods and Susan Miller was angry because he was not wearing a mask. Id. at 4-5. The plaintiff states that as he was leaving the store, John Jarosinski, a store employee, followed him out of the store; the plaintiff says that he did not commit a crime so he does not know why Jarosinski followed him. Id. The plaintiff allegedly walked back to his car where he stayed because he was homeless and which he had parked at a nearby "park and ride." Id. He states that got in his car and went to sleep. Id.

3

The plaintiff alleges that he was awakened by the Green Bay Police Department, who told him that Jarosinski and Miller said he was "reckless driving," which the plaintiff denies. Id. The plaintiff alleges that his human right to shop for food was deprived by an employee and a customer (presumably Jaronsinski and Miller). Id.

The plaintiff alleges that his basis for jurisdiction is that he is suing state or local officials under 42 U.S.C. §1983 for violating his rights under the Constitution or federal law. Id. at 3. According to the plaintiff, Miller and Jarosinski deprived him of his "human right to shop in a grocery store [and] [his] privilege to leave a store without someone calling the police." Id. at 3.

For relief, the plaintiff seeks $200,000. Id. at 5. He states that this incident has caused him mental health issues, has cost him time with his young son, has caused stress to his wife and has "caused harassment from police department causing more incarcerations for warrant." Id.

C. Analysis

Under 42 U.S.C. §1983, a person may sue someone else for violating his constitutional rights if he alleges that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. E. Porter Cty. Sch. Corp., 799 F.3d at 798 (citing Buchanan–Moore, 570 F.3d at 827). Section 1983 allows a plaintiff to sue individuals "acting under the color of state law" because it is intended to "deter state actors, and private individuals in collaboration with state officials, from using a 'badge of authority' to deprive

individuals of rights guaranteed by the Constitution." Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) (quoting Wyatt v. Cole, 504 U.S. 158, 161 (1992)).

The defendants are not state actors. Miller was a customer at Festival Foods and Jarosinski works at Festival Foods. The plaintiff also sues Festival Foods, a company headquartered in DePere, Wisconsin, presumably because it employed Jarosinski. Because the plaintiff has not sued any state actor, he has not stated a claim under §1983.

Even if the plaintiff had sued a state actor, his allegations against the defendants would not state a claim for relief under §1983. The plaintiff references his "human right to shop for food" but he does not identify a *constitutional* right that the defendants allegedly violated. He alleges that Miller complained that he didn't wear a mask in the store, but he does not explain what provision of the Constitution her complaint violated. He says that Jarosinski followed him to his car after he left the store, but does not explain how that violated any provision of the Constitution. He says that the Green Bay Police Department woke him and told him that Miller and Jarosinksi said he was "reckless driving," but again, does not identify what provision of the Constitution he believes the police may have violated.

The plaintiff mentions "false arrest" in his complaint. Perhaps the plaintiff was arrested as a result of what happened at the Festival Foods store and perhaps he believes that arrest was unjustified. If so, he has sued the wrong defendants. A false arrest claim is directed at the officers who made the

arrest, and a plaintiff must prove that there was no probable cause for the officers to make that arrest. See, *e.g.*, Cibulka v. City of Madison, 992 F.3d 633, 638 (7th Cir. 2021) (the existence of probable cause is an absolute defense to a §1983 claim against a police officer for false arrest).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of the facts surrounding his claim, so the court finds that further amendment would be futile. Because the plaintiff has not stated a claim for which this federal court may grant relief, the court must dismiss his complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

6

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$305.77** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Prairie du Chien Correctional Institution and to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of

the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of August, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**