UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DUSTIN R. MORRISON,

                    Plaintiff,

    v.                              Case No. 22-cv-174-pp

SUSAN MILLER, JOHN JAROSINSKI,
and FESTIVAL FOODS,

                    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 18) AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 19)

Dustin R. Morrison, who is confined at Prairie du Chien Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. The court screened the complaint under 28 U.S.C. §1915A and dismissed it for failure to state a claim. Dkt. No. 16. The plaintiff has filed a motion to alter or amend judgment, dkt. no. 19, and a motion to appoint counsel, dkt. no. 18. Because the plaintiff has not shown that the court erred in dismissing the complaint, it will deny both motions.

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale

1

disregard, misapplication, or failure to recognize controlling precedent.'" Oto v.

Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v.

Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are

disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., No.

15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of

Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.

1990)).

The court's screening order summarized the complaint's allegations:

> The plaintiff has sued Susan Miller, John Jarosinski and
> Festival Foods. Dkt. No. 1 at 1. He alleges that on December 27,
> 2021 between 6:30 and 6:50 a.m., he was grocery shopping at
> Festival Foods and Susan Miller was angry because he was not
> wearing a mask. Id. at 4-5. The plaintiff states that as he was leaving
> the store, John Jarosinski, a store employee, followed him out of the
> store; the plaintiff says that he did not commit a crime so he does
> not know why Jarosinski followed him. Id. The plaintiff allegedly
> walked back to his car where he stayed because he was homeless
> and which he had parked at a nearby "park and ride." Id. He states
> that got in his car and went to sleep. Id.

> The plaintiff alleges that he was awakened by the Green Bay
> Police Department, who told him that Jarosinski and Miller said he
> was "reckless driving," which the plaintiff denies. Id. The plaintiff
> alleges that his human right to shop for food was deprived by an
> employee and a customer (presumably Jaronsinski and Miller). Id.

> The plaintiff alleges that his basis for jurisdiction is that he is
> suing state or local officials under 42 U.S.C. §1983 for violating his
> rights under the Constitution or federal law. Id. at 3. According to
> the plaintiff, Miller and Jarosinski deprived him of his "human right
> to shop in a grocery store [and] [his] privilege to leave a store without
> someone calling the police." Id. at 3.

> For relief, the plaintiff seeks $200,000. Id. at 5. He states that
> this incident has caused him mental health issues, has cost him
> time with his young son, has caused stress to his wife and has
> "caused harassment from police department causing more
> incarcerations for warrant." Id.

Dkt. No. 16 at 3-4.

The court determined that the plaintiff fails to state a claim:

> Under 42 U.S.C. §1983, a person may sue someone else for violating his constitutional rights if he alleges that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. E. Porter Cty. Sch. Corp., 799 F.3d at 798 (citing Buchanan–Moore, 570 F.3d at 827). Section 1983 allows a plaintiff to sue individuals "acting under the color of state law" because it is intended to "deter state actors, and private individuals in collaboration with state officials, from using a 'badge of authority' to deprive individuals of rights guaranteed by the Constitution." Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) (quoting Wyatt v. Cole, 504 U.S. 158, 161 (1992)).

> The defendants are not state actors. Miller was a customer at Festival Foods and Jarosinski works at Festival Foods. The plaintiff also sues Festival Foods, a company headquartered in DePere, Wisconsin, presumably because it employed Jarosinski. Because the plaintiff has not sued any state actor, he has not stated a claim under §1983.

> Even if the plaintiff had sued a state actor, his allegations against the defendants would not state a claim for relief under §1983. The plaintiff references his "human right to shop for food" but he does not identify a constitutional right that the defendants allegedly violated. He alleges that Miller complained that he didn't wear a mask in the store, but he does not explain what provision of the Constitution her complaint violated. He says that Jarosinski followed him to his car after he left the store, but does not explain how that violated any provision of the Constitution. He says that the Green Bay Police Department woke him and told him that Miller and Jarosinksi said he was "reckless driving," but again, does not identify what provision of the Constitution he believes the police may have violated.

> The plaintiff mentions "false arrest" in his complaint. Perhaps the plaintiff was arrested as a result of what happened at the Festival Foods store and perhaps he believes that arrest was unjustified. If so, he has sued the wrong defendants. A false arrest claim is directed at the officers who made the arrest, and a plaintiff must prove that there was no probable cause for the officers to make that arrest. See, e.g., Cibulka v. City of Madison, 992 F.3d 633, 638 (7th Cir. 2021)

(the existence of probable cause is an absolute defense to a §1983 claim against a police officer for false arrest).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v Girl Scourts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of the facts surrounding his claim, so the court finds that further amendment would be futile. Because the plaintiff has not stated a claim for which this federal court may grant relief, the court must dismiss his complaint.

Dkt. No. 16 at 4-6.

In his motion to alter or amend judgment, the plaintiff does not contend that the court's screening order contains a legal error. Rather, the plaintiff asserts that the Fourteenth Amendment guarantees everyone the right to equal protection of the law, and says that "equal protection means that a person cannot treat someone differently than it treats others without a reason." Dkt. No. 19 at 1. He says that "for a person to discriminate another for their looks or what they are wearing and deprives them of life liberty or property is a violation of the 14th Amendment." Id. The plaintiff states that Miller and Jarosinski acted under color of state law by "making the call to the Green Bay Police to make a citizen['s] arrest for reckless driving, which is false." Dkt. No. 19. He claims that Miller and Jarosinski violated his Fourteenth Amendment right to due process of law. Id.

The plaintiff is correct that the there is an equal protection component to the Fourteenth Amendment, but it does not protect people from discrimination

based on their "looks" or what they are wearing. More important, the Fourteenth Amendment prohibits a *state* from denying citizens equal protection of the law. Neither Miller, Jarosinski nor Festival Foods are the "state." They are not employed by the state. Perhaps Miller, Jarosinski and Festival Foods did something wrong. But they did not violate the Constitution or federal law and those are the only kinds of violations this court has jurisdiction to consider.

The plaintiff has not shown that the court made a manifest error of fact or law. His case will remain closed, and the court will deny his motion to appoint counsel because there is nothing for an attorney to assist with given that the case is closed.

The court **DENIES** the plaintiff's motion to appoint counsel. Dkt. No. 18.

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5